DANAHY, Judge.
The appellant argues that the trial court erred in revoking the appellant’s community control and that the trial court imposed a sentence for the underlying felony in excess of the statutory maximum. We disagree on the first point but agree with the appellant on the second point.
Although we find no error in the revocation of the appellant’s community control, we strike a portion of the order of revocation which, as the state concedes, recites a violation which the trial court did not find to have occurred. That is the violation described in the order as “Condition (5), paragraph 2.” With the erroneous portion stricken, we affirm the order of revocation.
We believe the trial court erred in sentencing the appellant to a term of twenty-seven years for the offense underlying community control, which is described in the judgment and sentence as burglary of a dwelling with assault or battery. The appellant vigorously argues that the offense underlying his community control was simple burglary of a dwelling, for which the statutory maximum period of incarceration is fifteen years. We note that the judgment originally entered recites that the appellant entered a plea of guilty to the crime of burglary of a dwelling. Although the state argues that this was a mistake, in that the appellant actually pled guilty to burglary of a dwelling with assault or battery, the appellant is entitled to the benefit of any such mistake. Since he was convicted of a lesser crime, it is certainly improper to elevate that offense to a more serious one allowing imposition of a sentence far greater than the maximum allowed for the lesser offense.
*837 For the foregoing reasons, we reverse the appellant’s conviction of burglary of a dwelling with assault or battery and the sentence imposed thereon and remand with directions that the trial court enter a conviction of simple burglary of a dwelling and impose a sentence not exceeding the statutory maximum of fifteen years.
Reversed and remanded.
RYDER, A.C.J., and PATTERSON, J., concur.